John Chitwood, Ex'r, *v.* A. D. Trimble *et al.*

JOHN CHITWOOD, EX'R, *v.* A. D. TRIMBLE *et al.*

1. VENDOR'S LIEN. *Reserved on face of deed. Passes to assignee of note. Is an incident to the debt, and is not lost by merger of the note into a judgment.* Where a note is given for the purchase of land which is conveyed to the purchaser by deed retaining a lien to secure the purchase-money, the lien is an incident to the *debt*, and the assignment of the note carries the lien with it to the assignee; nor is it lost by reducing the note to a judgment.

2. DEED. *Reserving lien to secure purchase-money passes the legal title to purchaser. Subject to be levied on by execution.* The deed has the effect to pass the legal title to the purchaser, and it may be levied upon and sold by execution against him. But the purchaser at the execution sale takes the title incumbered with the lien, and the assignee of the note may enforce the lien against the purchaser, at execution sale.

FROM FRANKLIN.

Appeal from the Chancery Court. B. M. TILLMAN, Chancellor.

JOHN N. MCCUTCHEN for Chitwood.

MARKS & FITZPATRICK for Syler.

H. W. NEWMAN for Embry.

Opinion by the Court.

In 1861 C. R. Embry sold to A. D. Trimble a tract of land in Franklin County, receiving part of the purchase-money in cash, and for the balance taking his three notes of $465 each, payable in one, two, and three years. Embry executed to Trimble a

deed for the land, reserving a lien for the purchase-money. The two first notes were paid, and the third note was transferred by Embry to Joseph Carter, guaranteeing payment, and by Carter it was transferred to W. W. Sharp, complainant's testator. Upon this note complainant obtained a judgment in the Circuit Court of Franklin County against Trimble and Embry. After the judgment was rendered Embry died, and on motion the judgment was revived in the name of J. W. Syler, his administrator; but it does not appear that this judgment was revived by the consent of Syler, or upon *scire facias.* After the rendition of this judgment, Trimble confessed a judgment in favor of Embry in the Circuit Court, upon which execution issued and was levied on the tract of land in controversy, and at the sale thereof Embry became purchaser; but neither Embry nor Trimble have paid off the judgment of complainant against them.

Upon these facts complainant filed his bill to enforce his vendor's lien for the unpaid purchase-money. It is clear that, as a lien was retained on the face of the deed, it passed as an incident to the unpaid purchase-money, first by the transfer of the note to Clark, and then by its transfer to Sharp, complainant's testator. The lien was the incident of the debt and not simply of the note, which was the evidence of the debt. Therefore when the note was merged into a judgment, that became the evidence of the debt, and the lien continued an incident there-

to. It follows that whether the judgment against Embry was properly revived or not against his administrator, is wholly immaterial. The judgment against Trimble (the vendee) continued in force, and the lien, as an incident thereto, continued to exist.

As the legal title was vested in Trimble, the land was subject to be levied on and sold under Embry's judgment against Trimble; but Embry purchased at the sheriff's sale, and took the title to the land, subject to complainant's lien for the unpaid purchase-money.

It follows that complainant is entitled to have satisfaction of his unpaid purchase-money. The Chancellor so decreed, and to that extent his decree is affirmed; but he erred in giving judgment against Syler (the administrator of Embry), and Mary Embry (his widow), and John Hinton and his wife Mattie, and Mollie and Jennie, Embry (children of C. R. Embry, deceased). This portion of the decree is reversed, and a decree will be rendered here for the sale of the land, unless the balance of the purchase-money shall be paid into Court within sixty days from the date of the decree. The cost of this Court will be paid by J. W. Syler, administrator, and his security on his appeal bond. The cost of the Court below will be paid by J. W. Syler, administrator.